IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE BROCKLEHURST,<br><br>Plaintiff,<br><br>v.<br><br>THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,<br><br>Defendant. | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

Plaintiff Stephanie Brocklehurst, by and through her attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

**PRELIMINARY STATEMENT**

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff Stephanie Brocklehurst, a former employee of The Trustees of the University of Pennsylvania ("Penn" or "Defendant"). Ms. Brocklehurst has been harmed by Defendant's harassment and discrimination on the basis of her disability and/or perceived disability, and was retaliated against for taking leave pursuant to the Family and Medical Leave Act and for complaining about discrimination and harassment, culminating in her constructive discharge on November 16, 2023.

2. This action is filed pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") and the Family and Medical Leave Act, 29 U.S.C. § 2611, et. seq. ("FMLA").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On April 26, 2024, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On August 20, 2024, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.[1]

## VENUE

7. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

8. This action properly lies in the Eastern District of Pennsylvania because the claims and significant activities associated with those claims arose in this judicial district.

---

[1] It has been less than one year since this matter was dual-filed with the Pennsylvania Human Relations Commission ("PHRC") with respect to Ms. Brocklehurst's claims that arise pursuant to the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951 et seq. ("PHRA"). Ms. Brocklehurst will seek to amend her Complaint to add her PHRA claims after it has been more than one year since her dual-filing with the PHRC.

2

**PARTIES**

9. Plaintiff Stephanie Brocklehurst is an adult female citizen and resident of Doylestown, Pennsylvania and the United States of America.

10. Ms. Brocklehurst is a qualified individual with a disability within the meaning of the ADA.

11. Ms. Brocklehurst has had her disability for a period far in excess of six months.

12. Ms. Brocklehurst's disability affects a major bodily function and substantially limits one or more major life activities.

13. Defendant The Trustees of the University of Pennsylvania is a private university located in Philadelphia, Pennsylvania.

14. At all relevant times, Defendant is and has been an employer employing more than 500 employees.

15. At all relevant times, employees of Defendant acted as agents and servants for Defendant.

16. At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of employment under the direct control of Defendant.

17. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

18. At all relevant times hereto, Plaintiff Stephanie Brocklehurst was an "employee" of Defendant within the meanings of the laws at issue in this suit and is accordingly entitled to the protection of said laws.

19. At all relevant times hereto, Defendant was an "employer" and/or "person" under the laws at issue in this matter and is accordingly subject to the provisions of said laws.

20. During her employment, Penn regarded Ms. Brocklehurst as disabled.

21. This cause of action arose out of transactions or occurrences that took place in whole or in part in Pennsylvania.

22. Defendant does significant business within the Commonwealth of Pennsylvania.

23. This Honorable Court has jurisdiction over Defendant.

## FACTS

24. On or about December 16, 2016, Ms. Brocklehurst began her employment as a Senior Financial Aid Counselor in Student Registration and Financial Services at Penn.

25. Due to her hard work and consistent performance, Ms. Brocklehurst was quickly promoted to Assistant Director of Undergraduate Aid in or about December 2017, and again promoted to Associate Director of the Student Services Center on or about February 1, 2021.

26. While employed by Penn, Ms. Brocklehurst excelled in her position, performing her duties in an excellent manner, as demonstrated by, among other things, her seven years of employment and her series of promotions.

27. Despite her dedication to the job, and consistently excellent performance, Ms. Brocklehurst was discriminated against and harassed on the basis of her disability and/or perceived disability, and was retaliated against for taking leave pursuant to the Family and Medical Leave Act ("FMLA") and for complaining about discrimination and harassment, culminating in her constructive discharge on November 16, 2023.

28. In more recent years, Ms. Brocklehurst began experiencing mental health issues, which she communicated to her supervisor.

29. In or about 2019, Ms. Brocklehurst applied for leave pursuant to the FMLA policy, and was approved for and on continuous leave from on or about February 26, 2019 until March 29, 2019.

30. Upon Ms. Brocklehurst's return from leave, she continued to exhibit excellent performance and work ethic, as demonstrated by, among other things and as noted above, her promotion to Associate Director of the Student Services Center.

31. Ms. Brocklehurst excelled in this position.

32. Indeed, in her 2022 End-of-Year Evaluation, Ms. Brocklehurst was praised by Jeffrey Greenberg, Senior Director and Ms. Brocklehurst's supervisor, for her work to establish credibility with her staff, advocacy efforts, ability to nurture a productive and collegial environment, and breadth of knowledge regarding Penn's processes and policies.

33. In or about April 2023, Ms. Brocklehurst's father experienced a stroke.

34. Ms. Brocklehurst then requested, and was approved for, a short period of leave pursuant to the FMLA from June 5, 2023 until July 7, 2023 in order to care for her father and aid in his recovery from the stroke.

35. Upon her return from leave pursuant to the FMLA, however, Ms. Brocklehurst was subjected to immediate discrimination and harassment on the basis of her disability or perceived disability and retaliation for having taken leave.

36. Her treatment at work was completely different than it had been before.

37. Among other things, Mr. Greenberg was constantly micromanaging her, finding things that Ms. Brocklehurst had done to nitpick about, and writing her up for minor issues that did not justify a write up.

38. By way of example, prior to disclosing her disability and taking leave pursuant to the FMLA, matters that were never an issue before suddenly became a problem, such as when Ms. Brocklehurst would request to work remotely when her daughter was ill, and when she would use Paid Time Off ("PTO") when she was ill, though every instance in which she used PTO was appropriate, and these were PTO days that she had accrued during her employment and had available to use when necessary.

39. Additionally, in her Spring 2023 Year-End Review, which was conducted after her return from FMLA leave, Ms. Brocklehurst was marked as "needs improvement" for collaboration, organization savvy, and strategic mindset – the very aspects of her performance for which she had been praised just the year before.

40. Due to this drastic change in treatment, Ms. Brocklehurst complained to Human Resources regarding the ongoing discriminatory, harassing and retaliatory acts.

41. However, no matter how many times Ms. Brocklehurst spoke with Human Resources (which was several times), she did not receive any support, and the discriminatory, harassing and retaliatory treatment continued unabated.

42. No matter what she did, Ms. Brocklehurst continued to experience harassing, discriminatory and retaliatory acts, including receiving unjustified write ups.

43. Ms. Brocklehurst was then compelled to see a therapist due to the ongoing harassment, discrimination and retaliation that she was experiencing.

44. Notably, on or about August 31, 2023, Ms. Brocklehurst experienced a panic attack for the first time in her life.

45. Because the harassment, discrimination, and retaliation would not stop despite Ms. Brocklehurst's persistent efforts, and particularly in light of the extreme toll that it had taken

on Ms. Brocklehurst's mental and physical health (and exacerbation of her existing mental health condition), Ms. Brocklehurst was compelled to separate from her employment with Penn, and was thus constructively discharged on November 16, 2023, with her last day of employment on December 8, 2023.

46. Given her treatment during her employment with Penn, and the circumstances surrounding her employment and her constructive discharge, Ms. Brocklehurst maintains that she was discriminated against and harassed on the basis of her disability and/or perceived disability, that she was retaliated against for taking leave pursuant to the FMLA and for complaining about discrimination and harassment, and that her constructive discharge was a result of discrimination and retaliation in violation of state and federal laws.

47. Ms. Brocklehurst was subjected to discrimination and harassment on the basis of her disability and/or perceived disability, and was retaliated against for taking leave pursuant to the FMLA and for complaining about discrimination and harassment, in violation of the ADA and the FMLA.

48. Ms. Brocklehurst has suffered and continues to suffer mental anguish and severe emotional distress as a direct and proximate result of the actions and/or inactions of Defendant.

49. Defendant and its agents acted with the intent of causing or with reckless disregard for the probability that their actions would cause Ms. Brocklehurst severe emotional distress.

50. Ms. Brocklehurst has suffered financial losses, which include, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit, as a direct and proximate result of the actions and inactions of Defendant.

## COUNT I
### The Americans with Disabilities Act, 42 U.S.C. § 12101, <u>et seq.</u>

51. Plaintiff Stephanie Brocklehurst repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

52. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Americans with Disabilities Act.

53. In discriminating against and harassing Ms. Brocklehurst on the basis of her disability, and/or because Defendant regarded Ms. Brocklehurst as disabled, and in retaliating against Ms. Brocklehurst, Defendant violated the ADA.

54. Said violations were intentional and willful.

55. Said violations warrant the imposition of punitive damages.

56. As the direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff Stephanie Brocklehurst has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT II
### The Family and Medical Leave Act, 29 U.S.C. § 2611, <u>et seq.</u>

57. Plaintiff Stephanie Brocklehurst repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

58. Defendant's conduct, in retaliating against Ms. Brocklehurst for taking leave pursuant to the Family and Medical Leave Act, violated the FMLA.

59. Defendant's violations of the FMLA were intentional and willful, as Defendant knew or should have known the requirements of the FMLA, but disregarded those requirements.

60. As the direct and proximate result of Defendant's violations of the FMLA, Plaintiff Stephanie Brocklehurst has sustained a loss of earnings, severe emotional and psychological distress, personal embarrassment, loss of self-esteem, loss of earning power, as well as back pay, front pay, interest due thereon, and has incurred attorneys' fees and costs.

61. Plaintiff Stephanie Brocklehurst is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## **PRAYER FOR RELIEF**

62. Plaintiff Stephanie Brocklehurst repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Stephanie Brocklehurst respectfully requests that this Court enter judgment in her favor and against Defendant and Order:

a. Appropriate equitable relief including reinstatement or front pay;

b. Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination, harassment and retaliation;

c. Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of its unlawful conduct;

d. Defendant to pay Plaintiff punitive damages;

e. Defendant to pay Plaintiff liquidated damages;

f. Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

g.  Defendant to pay Plaintiff's costs of bringing this action and her attorneys' fees;

h.  Plaintiff be granted any and all other remedies available pursuant to the ADA and FMLA; and

i.  Such other and further relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Stephanie Brocklehurst hereby demands trial by jury as to all issues so triable.

By: */s/ Christopher A. Macey, Jr.*
Christopher A. Macey, Jr., Esquire
Bell & Bell LLP
1617 John F. Kennedy Boulevard
Suite 1254
Philadelphia, PA 19103
(215) 569-2500

*Attorneys for Plaintiff Stephanie Brocklehurst*

Dated: November 15, 2024