IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE BROCKLEHURST<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA<br><br>　　　　　Defendant | Civil Action No. 2:24-cv-06143-KBH |

**JOINT REPORT OF RULE 26(f) MEETING**

In accordance with the Court's February 25, 2025 Order (ECF No. 10) and Federal Rule of Civil Procedure 26(f), the parties hereby submit their Joint Report of Rule 26(f) Meeting, which sets forth the information on which the parties have reached an agreement to date.

**1. Discussion of Claims, Defenses, and Relevant Issues**

　　**a. Plaintiffs' Position:**

Plaintiff Stephanie Brocklehurst is a former employee of Defendant The University of Pennsylvania who began working for Defendant in December 2016. Mr. Brocklehurst alleges that she was subjected to discrimination and harassment on the basis of her disabilities (adjustment disorder, anxiety and depression). Ms. Brocklehurst alleges that after disclosing her disabilities, complaining about discrimination and harassment, and after seeking and taking FMLA leave, she was retaliated against, eventually resulting in her constructive discharge in November 2023.

Ms. Brocklehurst exhibited excellent performance and was promoted twice within her first five years. After specifically disclosing her disabilities to her supervisor Jeffrey Greenberg in early 2023, she began to experience negative treatment including micromanagement, nitpicking her performance, and unjustified criticism, that she had not been subjected to prior. After her

father experienced a stroke in April 2023, Ms. Brocklehurst sought and was approved for FMLA leave from early June through early July to care for her father. After returning from FMLA leave, the treatment she was subjected to worsened. In addition to continuing his earlier pattern of nitpicking, micromanaging, and unjustified criticism, Mr. Greenberg also began writing Ms. Brocklehurst up for minor issues that did not justify a write up. Ms. Brocklehurst also received a needs improvement score on her Spring 2023 Year-End Review.

Ms. Brocklehurst complained to Human Resources on several occasions, but nothing was done to address her complaints and the discrimination, harassment and retaliation continued. On August 31, 2023, Ms. Brocklehurst experienced her first ever panic attack while at work. Because the discrimination, harassment and retaliation continued despite Ms. Brocklehurst's numerous attempts to seek relief, and in light of the way it was impacting her physical and mental health, Ms. Brocklehurst felt that she had no other choice than to resign and tendered her resignation on November 26, 2023. Ms. Brocklehurst maintains that any reasonable person in her circumstances would have felt compelled to resign and that her resignation was a constructive discharge.

  b. **Defendant's Position:**

Defendant Trustees of the University of Pennsylvania denies both discriminating against Plaintiff and constructively terminating Plaintiff because of her disability or taking FMLA leave. Rather, Plaintiff resigned voluntarily after receiving consistent constructive feedback from her supervisor and struggling to meet the reasonable performance expectations for her position.

Defendant employed Plaintiff as a full-time employee beginning in December 2016. Plaintiff worked as an Associate Director of the Student Services Center starting on February 1, 2021, until her voluntary resignation which Plaintiff announced by letter dated November 16, 2023, and requested that it become effective three weeks later, December 8, 2023. Her

responsibilities included managing the team of financial counselors and student employees in the Student Services Center, which was responsible for registration, billing, veterans' services, and financial aid.

Plaintiff began experiencing performance issues shortly after she started in the position, as reflected in her 2022 year-end review (covering the period from May 1, 2021 through April 30, 2022), in which her supervisor Jeffrey Greenberg raised concerns about Plaintiff's leadership and performance management skills, including her failure to hold consistent one-on-one meetings with her team, set clear goals and expectations for staff, address performance issues promptly, provide performance benchmarks for her team members, and document expectations.

Plaintiff's performance issues persisted throughout the next fiscal year, as reflected in her 2023 year-end review (covering the period from May 1, 2022 through April 30, 2023), in which Mr. Greenberg rated Plaintiff's performance as "meets some but not all expectations" associated with her position. Mr. Greenberg noted in the review that Plaintiff continued to struggle with holding consistent one-on-one meetings with her staff, identifying strategies to develop underperforming staff, and holding her staff accountable for outcomes. Mr. Greenberg also expressed concerns about Plaintiff's lack of presence both when she worked onsite and on days when she worked remotely. Plaintiff regularly called out of work last-minute or left work early without notice and without making any arrangements for escalation of problems encountered by her team to ensure the Student Services Center ran smoothly in her absence.

Although Plaintiff alleges she disclosed her disability to Mr. Greenberg in January or February 2023, Mr. Greenberg denies any knowledge of Plaintiff's disability during her employment. Even if Plaintiff disclosed her disability to Mr. Greenberg as alleged, the performance feedback provided by Mr. Greenberg to Plaintiff is well-documented in Ms.

Brocklehurst's formal performance reviews and numerous email communications that pre-date the January/February 2023 time period when Plaintiff allegedly disclosed her disability to Mr. Greenberg. As such, Plaintiff's alleged disclosure of her disability cannot be the cause of Mr. Greenberg's constructive feedback to Plaintiff. For this same reason, Plaintiff's allegations that Mr. Greenberg's unwarranted criticism of her performance persisted after she returned from FMLA leave, which she took from June 5, 2023 to July 7, 2023 to care for her father who had a stroke, are equally unfounded.

While Plaintiff alleges Defendant constructively discharged her on November 16, 2023, the facts relating to her separation belie this allegation. Notably, Plaintiff submitted her resignation letter on November 16, 2023, but she continued to work for Defendant for three weeks, until December 8, 2023, and stated in her exit interview with Human Resources that her decision was voluntary. Far from creating an intolerable work environment for Plaintiff, Mr. Greenberg took proactive steps to help Plaintiff improve her performance and work/life balance, including by adjusting Plaintiff's hybrid work arrangement to allow for an additional remote workday every week to help Plaintiff manage child care issues, sponsoring Plaintiff for a competitive professional development program at Defendant's cost, and providing Plaintiff with close supervision and coaching to improve her management skills.

There is no basis to conclude that Mr. Greenberg's performance feedback to Plaintiff, as reflected in formal performance reviews and email communications which pre-date her alleged disability disclosures and FMLA leave, was based on her disability or in retaliation for taking FMLA leave, rather than her continued inability to meet Mr. Greenberg's clear and reasonable performance expectations. Furthermore, there is no basis to conclude that Plaintiff's resignation was based on intolerable working conditions.

2. **Informal Disclosures**

The parties exchanged their Rule 26(a) initial disclosures on March 11, 2025 in accordance with the Court's February 25, 2025 Order (ECF No. 10).

3. **Formal Discovery**

On March 11, 2025, Defendant served Interrogatories and Document Requests on Plaintiff. Plaintiff served Interrogatories and Document Requests on Defendant on March 21, 2025. The parties anticipate that fact discovery should be completed within 120 days of the Rule 16 Conference (by August 7, 2025).

4. **Electronic Discovery**

The parties agree that emails and other electronic information (including, but not limited to, text messages) relevant to the allegations in Ms. Brocklehurst's Amended Complaint will be collected from the relevant custodians, searched for responsive documents, reviewed for responsiveness and privilege, and produced to the other party. The parties will produce any relevant documents sought in discovery, including electronic documents, in PDF format or an alternative format, if more practicable. Each party agrees to preserve the integrity of the contents of any electronic document, including but not limited to metadata of the document.

The parties will meet and confer regarding further details of an ESI Protocol (if necessary) after the parties propound their written discovery requests.

The parties anticipate entering into a limited confidentiality agreement that protects private information from disclosure. The parties have not yet agreed upon a proposed protective order but will work cooperatively to negotiate such a proposed order that complies with the Court's Individual Practices and Procedures.

### 5. Expert Witness Disclosures

Plaintiff anticipates the use of an economic expert on damages and, if determined to be necessary, an expert on Plaintiff's disability. Defendant anticipates the use of a rebuttal expert on damages.

The parties request the following deadlines:

- Affirmative Expert Reports – 30 days after the fact discovery deadline (by September 8, 2025);

- Rebuttal Expert Reports – 30 days after the affirmative expert reports deadline (by October 8, 2025); and,

- Close of Expert Discovery, including Expert Depositions – 30 days after the deadline for rebuttal expert reports (by November 7, 2025).

### 6. Early Settlement or Resolution

The parties are amenable to exploring early resolution through an initial settlement conference with a U.S. Magistrate Judge. The parties believe that a settlement conference with a Magistrate Judge will be most beneficial after the parties exchange responses to written discovery requests.

The parties decline to transfer jurisdiction of this matter to a U.S. Magistrate Judge.

### 7. Trial Date

Defendant anticipates filing a motion for summary judgment on some or all claims in the case. Per the Judge's protocols, the parties understand that Chambers will contact the parties if no dispositive motions are filed after the deadline, or after dispositive motions are decided, to schedule all further proceedings, including a trial date.

**8. Other Matters**

None.

## SCHEDULE A

| Event Description | Timing | Date Certain |
|---|---|---|
| **Initial Disclosures** | Date of Completion | Completed 3/11/2025 |
| **Written Discovery Deadline** | Flexible. Prior to fact discovery deadline | 7/17/2025 |
| **Fact Discovery Deadline** | 120 days from the date of the Rule 16 conference | 8/7/2025 |
| **Parties exchange curriculum vitae and reports of expert witnesses** | 30 days from fact discovery deadline | 9/8/2025 |
| **Any responses or rebuttal reports to expert witness discovery** | 30 days after exchange of expert discovery | 10/8/2025 |
| **Close of expert discovery, including expert depositions** | 30 days after responses or rebuttal reports | 11/7/2025 |
| **Motions for summary judgment and/or *Daubert* motions** | 30 days after close of expert discovery | 12/8/2025 |
| **Responses to dispositive motions** | 30 days after dispositive motions deadline | 1/7/2026 |

Dated: April 1, 2025

**DUANE MORRIS LLP**

By: /s/ *Caroline Austin*
    Caroline Austin
    Margaret Connor
    30 South 17th St.
    Philadelphia, PA 19103
    215-979-1887/1849
    Attorneys for Defendant

Respectfully submitted,

**BELL & BELL LLP**

By: /s/ *Christopher Macey*
    Christopher Macey
    1617 John F. Kennedy Blvd Suite 1254
    Philadelphia, PA 19103
    215-569-2500
    Attorney for Plaintiff